UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN B. RIGGINS, JR.,

    Petitioner,

v.

CASE NO. 2:07-CV-13378
HONORABLE PATRICK J. DUGGAN

MARY BERGHUIS,

    Respondent.
_____/

## **OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND A CERTIFICATE OF APPEALABILITY**

John B. Riggins, Jr. ("Petitioner"), presently confined at the West Shoreline Correctional Facility in Muskegon Heights, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction in 2005 for assault with intent to commit murder in violation of Michigan Compiled Laws § 750.83 and possession of a firearm in the commission of a felony in violation of Michigan Compiled Laws § 750.227b. For the reasons stated below, the petition for writ of habeas corpus is denied.

### **I. Background**

On August 24, 2005, Petitioner pleaded *nolo contendere* to the above offenses in the Saginaw County Circuit Court. The trial court sentenced Petitioner on August 20, 2005, to fifteen to thirty years in prison for the assault with intent to murder conviction and a consecutive two-year term for the felony firearm conviction. Petitioner thereafter

moved in the trial court to withdraw his plea. In denying his motion, the trial court provided the following factual background with respect to the plea:

> During a session of this Court held on August 24, 2005, Defendant pleaded nolo contendre to one count of assault with intent to murder and one count of possession of a firearm during the commission of a felony. In exchange for Defendant's plea, the prosecution agreed to dismiss a second count of assault with intent to murder and a count of witness intimidation. Before Defendant entered his plea in this case, his trial counsel, Mr. E. Brady Denton, and the assistant prosecutor, Mr. Fenner, each expressed separate opinions regarding Defendant's minimum sentence in this case. Defense counsel stated that, in his opinion, the low end of the sentencing guidelines would be approximately 70 months if Defendant accepted the plea and around 171 months if Defendant rejected the plea and was convicted following trial (Plea Transcript, p. 3). The prosecutor, however, stated that if Defendant went to trial, the guidelines range would be approximately 171 to 285 months. (*Id.*, p. 4). The prosecutor further stated that if Defendant accepted the plea offer, the guidelines range would be 81 months to 135 months or possibly 108 to 181 months. (*Id.*, p. 6). After each side expressed their opinion regarding Defendant's minimum sentence, Defense counsel warned Defendant that "it's nothing cast in stone" and that the sentencing guidelines would ultimately be determined by the Court. (*Id.*). Prior to accepting his plea. the Court also informed Defendant that these statements made by counsel applied to his minimum sentence only, and that the maximum sentence for assault with intent to murder was life in prison or any number of years. Ultimately, the Court calculated the sentencing guidelines for the assault with intent to murder count at 126 to 210 months. In accordance with the guidelines, Defendant was sentenced to fifteen to thirty years in prison for assault with intent to murder and a consecutive 2-year term for felony-firearm.

*People v. Riggins,* No. 04-025101-FC-5, at *1-2 (Saginaw County Cir. Ct., July 11, 2006) [Doc. 9 Ex. 6]. The trial court's factual determinations are presumed correct on habeas review unless clear and convincing evidence is offered to rebut this presumption. 28 U.S.C. § 2254(e)(1); *see also Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009); *Hastings v. Yukins,* 194 F. Supp. 2d 659, 668 (E.D. Mich. 2002) (stating that a state

2

court's underlying findings of fact on whether a guilty plea was voluntary are presumed correct on habeas review).

Petitioner filed a direct appeal in the Michigan Court of Appeals. The appellate court affirmed his conviction and sentence. *People v. Riggins,* No. 273772 (Mich. Ct. App. Nov. 27, 2006) (unpublished). Petitioner sought leave to appeal in the Michigan Supreme Court, which the Court denied on March 26, 2007. *People v. Riggins*, 477 Mich. 1058, 728 N.W. 2d 454 (2007).

Petitioner thereafter filed the pending application for a writ of habeas corpus. In the petition, Petitioner asserts the following grounds in support of his request for habeas relief:

> I. Defendant moves this court to allow him to withdraw his plea on the basis that it was not knowing, understanding or voluntary because it was induced by an illusory bargain to dismiss a charge or witness intimidation of which he could not have been convicted, and asks at a minimum for an evidentiary hearing in support of his motion.
>
> II. Defendant submits he is entitled to an evidentiary hearing and ultimately plea withdrawal where his plea was not understanding or voluntary because it was induced by the ineffective assistance of counsel who: failed to file a motion to quash, failed to interview him personally before the day set for trial, failed to personally interview witnesses, and misadvised him regarding the expected guidelines ranges.
>
> III. Defendant is entitled to resentencing because the statutory sentencing guidelines were (A) plainly misscored as to PRV7 and OV3 and 13 and (B) improperly scored as to OV's 3, 9, 12 and 13 in violation of the Sixth Amendment, and (C) the sentence imposed is an unjustified departure above the appropriate sentence range.
> IV. Defendant is entitled to resentencing because he did not have the effective assistance of counsel where counsel failed to object to the plainly erroneous scoring of the statutory sentencing guidelines and failed to

preserve a constitutional objection to the guidelines scoring and Defendant was sentenced as a result to a sentence above the appropriate sentencing guidelines range.

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under § 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to

the facts of the prisoner's case." *Id*.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409, 120 S. Ct. at 1521. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411, 120 S. Ct. at 1522. "Rather, it is the habeas applicant's burden to show that the state court applied [Supreme Court precedent] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25, 123 S. Ct. 357, 360 (2002).

### III. Analysis

#### A. Petitioner's involuntary plea claims

In his first and second claims, Petitioner contends that he should be permitted to withdraw his *nolo contendere* plea because the plea agreement was based upon an illusory bargain and his plea was induced by the ineffective assistance of counsel.

At the outset, Petitioner has no federal constitutional right or absolute right under state law to withdraw his *nolo contendere* plea. *See Adams v. Burt*, 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (citations omitted). Therefore, unless the plea violated a clearly-established constitutional right, the decision whether to allow Petitioner to withdraw his plea was within the state trial court's discretion. *See Hoffman v. Jones*, 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001), *aff'd* 53 F. App'x 342 (6th Cir. 2002).

"The United States Supreme Court has often reiterated that in order to satisfy the dictates of due process a plea of guilty must be a voluntary, knowing, intelligent act." *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 257 (6th Cir. 1991) (citing *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 1468-69 (1979)). The defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Id.* In other words, the defendant must be aware of the direct consequences of the plea but "the trial court is under no constitutional obligation to inform the defendant of all the possible collateral consequences of the plea." *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). The defendant must be aware of the maximum sentence that can be imposed for the crime for which he is pleading guilty. *Id.* at 154. As summarized by the Supreme Court:

> "A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes)."

*Mabry v. Johnson*, 467 U.S. 504, 509, 104 S. Ct. 2543, 2547 (1984) (quoting *Brady*, 397 U.S. at 755, 90 S. Ct. at 1472).

When a petitioner brings a federal habeas petition challenging his guilty plea, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993) (citing *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709 (1969)). The state court's factual finding that the guilty plea was properly made is presumed correct. *Id.*

However, when the transcript is inadequate to show that the plea was voluntary, the presumption of correctness no longer applies. *Id*. When the trial court follows the required procedure for taking the defendant's plea, "absent extraordinary circumstances, or some explanation of why [the] defendant did not reveal other terms, at least when specifically asked to do so by the court, a defendant's plea agreement consists of the terms revealed in open court . . . ." *Baker v. United States*, 781 F. 2d 85, 90 (6th Cir. 1986).

Petitioner contends that his plea agreement with the government was illusory because there was insufficient evidence to support the witness intimidation charge, which was dismissed as part of the plea agreement. A plea agreement is entered into involuntarily and unknowingly if the defendant is unaware that the prosecution's promise is illusory. *See United States v. Randolph*, 230 F.3d 243, 250-51 (6th Cir. 2000). Illusory representations made by the prosecutor to induce a defendant to waive his right to trial and enter a guilty plea have been found to constitute coercion justifying the withdrawal of a guilty plea. *See, e.g.*, *Spearman v. United States*, 860 F. Supp. 1234, 1249 (E.D. Mich. 1994).

A plea bargain is not illusory, however, where a charge dropped in exchange for the defendant's guilty plea is later discovered to have lacked an adequate foundation or sufficient evidence. *See United States v. Quisenberry*, No. 98-3681, 1999 WL 1073659, at *6 (6th Cir. Nov. 17, 1999) (unpublished); *U.S. v. Morgan,* 958 F. 2d 847, 849 (8th Cir. 1992) (finding that the fact that two of the seven counts against the defendant were

7

invalidated because defendant's conduct was determined not to violate the relevant statutes did not entitle the defendant to withdraw his guilty plea). Moreover, the state trial court judge found based on the evidence introduced at Petitioner's preliminary examination that there was sufficient evidence to support the witness intimidation charge against him. *Riggins*, slip op. at *2. Additionally, the prosecutor also agreed to dismiss an additional count of assault with intent to commit murder against Petitioner in exchange for his guilty plea.

Because petitioner derived a real benefit from his plea bargain in this case, his plea was not illusory and he therefore is not entitled to habeas relief on his first claim.

Petitioner next contends that his *nolo contendere* plea was involuntary and unknowing because it was induced by his trial counsel's erroneous advice concerning the expected sentencing guidelines range. In rejecting this claim, the state trial court judge noted that before Petitioner entered his plea, he was informed that his counsel's statements regarding his minimum sentence were an opinion only and that the trial court would determine the actual sentence. (*Id.* at *3.) Defense counsel in fact warned Petitioner at the plea hearing with respect to Petitioner's sentence that there was "nothing cast in stone" and that the sentencing guidelines would ultimately be determined by the trial court. Before accepting Petitioner's plea, the trial court advised Petitioner that counsel's statements concerning the sentencing guidelines range applied to his minimum sentence only and that the maximum sentence for assault with intent to murder was life in prison or any number of years. *Id.* at * 2. The transcript of the plea hearing reflects the

8

trial court's findings of what Petitioner was told before pleading guilty. (Doc. 9 Ex. 3.) The fact that Petitioner's counsel may have underestimated the sentencing guidelines range therefore did not justify allowing Petitioner to withdraw his plea because he was made aware that his attorney's estimation was not binding on the trial court. *See United States v. Stephens*, 906 F. 2d 251, 254 (6th Cir. 1990).

Moreover, assuming that counsel's advice was deficient, Petitioner is unable to show that he was prejudiced by counsel's advice. To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. at 2068.

In order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370 (1985). An assessment of whether a defendant would have gone to trial but for counsel's errors "will

9

depend largely on whether the affirmative defense likely would have succeeded at trial."
*Id*. at 59, 106 S. Ct. at 371. The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, the petitioner would likely have gone to trial instead of pleading guilty. *See Maples v. Stegall*, 340 F. 3d 433, 440 (6th Cir. 2003). The petitioner therefore must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty because there would have been a reasonable chance that he would have been acquitted had he insisted on going to trial. *Doyle v. Scutt*, 347 F. Supp. 2d 474, 484 (E.D. Mich. 2004); *see also Garrison v. Elo,* 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001). A habeas petitioner's conclusory allegation that, but for an alleged attorney act or omission he would not have pleaded guilty, therefore is insufficient to prove such a claim. *Garrison,* 156 F. Supp. 2d at 829.

In the present case, Petitioner has failed to show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he did by pleading *nolo contendere*. Although Petitioner indicates in his reply to Respondent's answer that he claims innocence on a "theory of self-defense of others," Petitioner does not offer any facts to indicate how he was acting in defense of another person when he committed the charged offenses. Petitioner therefore has failed to show that his trial counsel was ineffective in advising him to plead *nolo contendere*.

Petitioner also claims that his trial counsel was ineffective for failing to file a

10

motion to quash the information, interview him personally the day before trial, and personally interview the witnesses. These remaining ineffective assistance of counsel claims have been waived by Petitioner's *nolo contendere* plea.

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional challenges. *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608 (1973); *United States v. Freed,* 688 F. 2d 24, 25 (6th Cir. 1982). Ineffective assistance of trial counsel claims that do not challenge the voluntary or intelligent nature of a defendant's plea are considered non-jurisdictional defects that are waived by a guilty plea. *See United States v. Stiger*, 20 F. App'x 307, 309 (6th Cir. 2001).

For the above reasons, the Court concludes that Petitioner is not entitled to habeas relief based on his claims challenging his plea.

### B. Petitioner's sentencing guidelines claim

In his third ground in support of his request for habeas relief, Petitioner contends that several of the prior record and offense variables of his Michigan Sentencing Guidelines range were incorrectly scored.

Violations of state law and procedure that do not infringe specific federal constitutional protections are not cognizable claims on habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991). Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White*, 76 F. Appx. 52, 53 (6th Cir. 2003)

11

(unpublished); *see also McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006).

Petitioner also contends, however, that the trial court judge violated his Sixth Amendment right to a trial by jury by relying on facts to determine his sentencing guidelines that had neither been submitted to a jury and proven beyond a reasonable doubt nor been admitted to by Petitioner. In support of his claim, Petitioner relies on the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).

In *Blakely*, the Supreme Court reiterated its holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 301, 124 S. Ct. at 2536 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63 (2000)). The Court's holding in *Blakely*, however, does not apply to Petitioner's sentence under Michigan's indeterminate sentencing system. *See Montes v. Trombley*, 599 F.3d 490 (6th Cir. 2010).

Under Michigan's sentencing scheme, the trial judge sets the minimum sentence, but can never exceed the maximum sentence which is determined by statute. *People v. Claypool*, 470 Mich. 715, 730 n.14, 684 N.W.2d 278, 286 n.14 (2004) (finding *Blakely* inapplicable to Michigan's indeterminate sentencing scheme). *Blakely* does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum sentence. *Harris v. United States*, 536 U.S. 545, 565, 122 S. Ct. 2406, 2418 (2002)("Whether chosen by the judge or the legislature,

12

the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt"); *see also Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009). In short, Petitioner's Sixth Amendment rights were not violated pursuant to *Blakely* even if the trial court relied on facts not found by a jury or admitted to by Petitioner in determining Petitioner's minimum sentence.

### C. Petitioner's ineffective assistance of counsel at sentencing claim

In his fourth ground in support of his request for habeas relief, Petitioner claims that his trial counsel was ineffective at sentencing for failing to object to the improper scoring of certain prior record and offense variables. Assuming that the *Strickland* standard applies to this claim, Petitioner cannot show that but for his trial counsel's deficient performance the result of his sentencing would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Petitioner challenged the trial court's scoring of these offense variables on appeal. (Doc. 9 Exs. 6, 7.) The Michigan Court of Appeals and Michigan Supreme Court found no merit to Petitioner's claim. In other words, the Michigan appellate courts effectively concluded that the trial court did not err in scoring Petitioner's sentencing guidelines. This determination is a matter of state law and is not cognizable on habeas review. *See supra*. Based on the state courts' assessment, Petitioner cannot establish that he suffered prejudice as a result of his counsel's failure to object.

Finally, because the holding in *Blakely* is inapplicable to Michigan's indeterminate

13

sentencing scheme, counsel was not ineffective for failing to object to the scoring of the sentencing guidelines on this basis. *See Sanchez v. Bell,* No. 2009 WL 2447409, * 5 (E.D. Mich. Aug. 7, 2009) (unpublished).

## IV. Certificate of Appealability

28 U.S.C. § 2253 governs appeals in § 2254 proceedings. This section provides, in pertinent part, that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on the merits of the claims presented, a certificate may issue only if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).

This Court does not find that reasonable jurists would find its assessment of Petitioner's claim debatable or wrong. The Court therefore declines to issue a certificate of appealability.

## V. Conclusion

For the reasons stated above, the Court holds that Petitioner is not entitled to habeas corpus relief.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**;

**IT IS FURTHER ORDERED**, that a certificate of appealability shall not issue.

DATE: July 26, 2010

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:
John R. Riggins, #577016
West Shoreline Correctional Facility
2500 S. Sheridan Drive
Muskegon Heights, MI   49444

AAG William C. Campbell